IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERYL MURTAUGH<br>212 S. Haviland Ave. Apt. B<br>Audubon, NJ 08106 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : |
| v. | :<br>: No. _____ |
| MRS ASSOCIATES INC.<br>3 Executive Campus, Ste. 400<br>Cherry Hill, NJ 08002 | :<br>: JURY TRIAL DEMANDED<br>:<br>: |
| Defendant. | : |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.   INTRODUCTION

1. This action has been initiated by Sheryl Murtaugh (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Family and Medical Leave Act. Plaintiff was unlawfully terminated for taking medical leave. As result of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.   JURISDICTION AND VENUE

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

3. This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4.   This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in New Jersey (and incorporating therein), has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

5.   Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in New Jersey and is subject to personal jurisdiction in New Jersey.

### III.   PARTIES

6.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.   Plaintiff is an adult individual with an address as set forth above.

8.   Defendant MRS Associates Inc. is engaged in the business of financial recovery and is located at the address as set forth above.

9.   At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.   FACTUAL BACKGROUND

10.   The foregoing paragraphs are fully incorporated herein as though set forth at length.

11.   Plaintiff was hired by Defendant on or about February 14, 2005.

12. During her employment with Defendant, Plaintiff was employed as a Payroll Supervisor and later promoted to Payroll Manager.

13. On or about October 18, 2006, Plaintiff took a medical leave of absence for a serious health condition.

14. Plaintiff communicated to Defendant that she required a medical leave of absence and that she would return to work on or about December 4, 2006.

15. On or about November 29, 2006, however, Plaintiff attended a meeting with Defendant at which Defendant informed Plaintiff that upon her return to work, Plaintiff's prior position would no longer be available to her.

16. When Plaintiff attempted to return to work, she was told that the only position she could work in was as a bill collector.

17. At all relevant times herein, employment with Defendant as a bill collector is an entry level position, a non-management position, inferior to Plaintiff's prior position and unequivocally considered a demotion.

18. At all times relevant herein, Defendant knew that Plaintiff had no experience as a bill collector.

19. Plaintiff was initially offered an entry level salary as a bill collector but was later offered a higher salary after informing Defendant that she believed her legal rights were being violated under the Family and Medical Leave Act.

20. Plaintiff was never given any indication prior to her aforesaid medical leave that she would be replaced or demoted.

21. As a result of Defendant's actions as set forth herein, Plaintiff was constructively discharged.

22. As a direct consequence of Defendant's actions, Plaintiff has and continues to suffer damages, including but not limited to, past lost earnings, future lost earnings, lost benefits, and humiliation.

First Cause of Action
<u>Violation of the Family and Medical Leave Act</u>
(Interference & Retaliation)

23. The foregoing paragraphs are fully incorporated herein as though set forth at length.

24. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

22. Plaintiff requested leave from the Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

23. Further, Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

24. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

25. Plaintiff was entitled and indeed did receive leave, pursuant to 29 U.S.C.A. § 2612(a)(1).

26. Plaintiff was entitled and indeed did receive leave, pursuant to 29 U.S.C.A. §

4

2612(a)(1) due to her own serious health conditions.

27.     Plaintiff was entitled to take leave, and upon returning from leave, to be restored by Defendant to the position of employment held by her when her leave commenced, pursuant to 29 U.S.C.A. § 2614(a)(1)(A).

28.     Plaintiff was not informed at any time that she would be terminated or demoted prior to her medical leave of absence in the fall/winter of 2006.

29.     Had Plaintiff been informed of her rights under the FMLA or that she might be demoted, she would have made efforts to promptly return to work while still obtaining necessary medical care.

30.     In that Plaintiff was not restored by her employer to the position she held prior to commencing leave, this constitutes an interference with Plaintiff's exercise of her FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

Second Cause of Action
<u>Violation of the New Jersey Law Against Discrimination</u>
(Actual and Perceived Disability Discrimination)

31.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

32.     Plaintiff informed her management within days before her medical leave that said leave was necessitated by a specific medical condition and a need for treatment, namely alcoholism.

33.     Alcoholism is a recognized disability under the NJ LAD. *Clowes v. Terminix International Inc.*, 109 N.J. 575, 590-95, 538 A.2d 794 (1988); *See also Moorer v. Babtist Memorial Health Care System*, 398 F.3d 469 (6th Cir. 2005).

34. Upon information and belief, Defendant did not permit Plaintiff to return to her former job in substantial part because of her actual and/or perceived disability that was disclosed to it.

35. As result of Defendant's actions, Plaintiff has been constructively terminated.

36. These actions as aforesaid constitute violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by the FMLA and other applicable federal and state law;

B. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages caused by Defendant's actions, as permitted by applicable law;

E. Plaintiff is to be awarded punitive damages (and liquidated damages under the Family and Medical Leave Act) to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law;

H.  Plaintiff is to be permitted a trial by jury in accordance with her demand as set forth in the Caption of this Complaint.

Respectfully submitted,

KARPF, KARPF & VIRANT

By: _____
Ari R. Karpf, Esquire
Attorney for Plaintiff
3070 Bristol Pike
Bldg. 2, Ste. 231
(215) 639-0801

Dated: August 7, 2007